IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOBBY EUGENE LUCKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-15-1036-M |
| v. | ) | |
| | ) | |
| MICK CORNETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, an Oklahoma prisoner appearing *pro se*, has filed a Complaint in this action seeking damages and other relief pursuant to 42 U.S.C. § 1983. With his Complaint, Plaintiff has failed an Application to Proceed in District Court Without Prepaying Fees or Costs in this 42 U.S.C. § 1983 action. (Doc. # 2). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Title 28 U.S.C. § 1915(g), enacted in 1996 as part of the Prison Litigation Reform Act, "revoke[s], with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." Skinner v. Switzer, 562 U.S. 521, 535-36 (2011).

Due to a history of filing frivolous civil actions, Plaintiff is subject to the provisions of 28 U.S.C. § 1915(g), and he therefore may not proceed *in forma pauperis* unless he shows

1

he is in imminent danger of serious physical injury.[1] To satisfy the imminent-danger exception the litigant with three strikes must make "specific, credible allegations of imminent danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011)(quotations and citation omitted). "[V]ague and utterly conclusory assertions" of physical injuries are insufficient. White v. State of Colo., 157 F.3d 1226, 1231 (10th Cir. 1998). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." Stine v. U.S. Fed. Bureau of Prisons, 465 Fed. App'x. 790, 793 (10th Cir. 2012)(unpublished op.)(internal quotation marks and citation omitted).

In Plaintiff's Complaint, Plaintiff has sued the State of Oklahoma, various state agencies, Oklahoma County, and various former and current county agencies and officials. The Complaint alleges constitutional deprivations connected with his criminal convictions.

Plaintiff has not shown he is in imminent danger of serious physical injury. Therefore, Plaintiff is barred by the three-strikes provision in 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action, and his application to proceed *in forma pauperis* in this action should be denied. Further, the action should be dismissed without prejudice unless Plaintiff pays the full $400.00 filing fee within twenty days of this date.

---

[1] In Lucky v. Anderson, Case No. CIV-01-1015-L, United States District Judge Leonard dismissed Plaintiff's 42 U.S.C. § 1983 action without prejudice because Plaintiff had not complied with the requirements of 28 U.S.C. § 1915(g) and he had three or more previous "strikes" under § 1915(g). Plaintiff did not appeal this decision. In Lucky v. Oklahoma County, Case No. CIV-04-1726-L, United States District Judge Leonard dismissed Plaintiff's 42 U.S.C. § 1983 action without prejudice on the basis that his claims were premature pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff did not appeal this decision, and this dismissal counts as an additional strike under 28 U.S.C. § 1915(g). Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1249 (10th Cir. 2007).

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. # 2) be DENIED and that the cause of action be dismissed without prejudice unless Plaintiff pays the full $400.00 filing fee within twenty (20) days of this date. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 15th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this 25rd day of September, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE